**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| 327 LINCOLN AVE, LLC, | : | CIVIL ACTION NO. 17-2408 (JLL) |
| Plaintiff, | : | **ORDER TO SHOW CAUSE** |
| v. | : | |
| AZTEC AGENCY, INC.; ROBERT KULPA; and WESCO INSURANCE COMPANY, | : | |
| Defendants. | : | |

**LINARES, District Judge**

**IT APPEARING THAT:**

1. The plaintiff — 327 Lincoln Ave, LLC (hereinafter, "327 LLC") — brought this action in New Jersey state court on March 13, 2017, to recover damages for fraud and the breach of an insurance contract against the following three defendants:

   (a) Aztec Agency, Inc. (hereinafter, "Aztec");

   (b) Robert Kulpa; and

   (c) Wesco Insurance Company (hereinafter, "Wesco").

See No. L-1942-17 (N.J. Superior Ct., Bergen County). (See dkt. 1-1 at 3–12.)

2. Wesco removed this action to federal court pursuant to diversity jurisdiction. Thus, Wesco bears the burden of demonstrating that the Court has subject-

matter jurisdiction, and that the removal was properly effected. (See dkt. 1 at 1–3.) See 28 U.S.C. § 1332(a); 28 U.S.C. § 1446; 28 U.S.C. § 1447. The Court is authorized to sua sponte examine whether there is jurisdiction. See 28 U.S.C. § 1447(c).

3. Wesco has failed to properly allege the citizenship of any of the parties, including its own citizenship.

4. Wesco alleges, without more, that Aztec is "a corporation, with its principal place of business located . . . in Millbrook, New York." (Dkt. 1 at 2.) However, a corporation is deemed to be a citizen of both the state where it has its principal place of business *and* the state in which it is incorporated. See 28 U.S.C. § 1332(c)(1); Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012, 1015 (2016) (holding that a corporation is "considered a citizen of its State of incorporation" and "a citizen of the State where it has its principal place of business"); Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 394 (3d Cir. 2016) (holding the same). Wesco has not specifically alleged Aztec's state of incorporation.

5. Wesco further alleges, without more, that Kulpa "ha[s] a registered address in Rocky Hill, Connecticut." (Dkt. 1 at 2.) However, the citizenship of a person is determined by the state in which the person is "domicil[ed]," and not by the state where that person resides, is licensed, or has a place of business. McNair v. Synapse Grp. Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012); see Muchler v. Greenwald, 624 Fed.Appx. 794, 798 n.3 (3d Cir. 2015) (holding the same). "For purposes of diversity jurisdiction, the

domicile of an individual is his true, fixed and permanent home and place of habitation." Park v. Tsiavos, No. 16-1532, 2017 WL 527891, at *4 (3d Cir. Feb. 9, 2017) (internal quotation marks and citation omitted). Wesco has not specifically alleged Kulpa's state of domicile.

6. Wesco further alleges, without more, that it "ha[s] a registered address in Rocky Hill, Connecticut." (Dkt. 1 at 2.) However, Wesco appears to be a corporation. As the Court has already stated above, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. Wesco has not specifically alleged its own state of incorporation and the state in which it has its principal place of business.

7. Wesco further alleges, without more, that 327 LLC "is a limited liability company with its principal place of business located in Fort Lee, New Jersey." (See dkt. 1 at 2.) However, limited liability companies are unincorporated entities. Thus, they are deemed to be citizens of the states in which *all* of their members are citizens, and not simply the states in which they were formed or have their principal places of business. See VICI Racing, LLC v. T-Mobile USA, Inc., 763 F.3d 273, 282 (3d Cir. 2014); see also Americold Realty Trust, 136 S.Ct. at 1014 (setting forth the "metaphysical" rule that "[w]hile humans and corporations can assert their own citizenship, other entities take the citizenship of their members"). The name of each member must be specifically alleged, and the citizenship of each membership layer must be traced and analyzed, in order to

determine citizenship. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419–20 (3d Cir. 2010). Wesco has not specifically named each of the members of 327 LLC, and has not analyzed the citizenship of each of the members of 327 LLC.

8. Wesco also may have removed the action in violation of the rule of unanimity, because Wesco has not provided written notice from Aztec and Kulpa that they have consented to join in the removal. See 28 U.S.C. § 1446(b)(2)(A); see also First Am. Title Ins. Corp. v. JP Morgan Chase & Co., 384 Fed.Appx. 64, 66 (3d Cir. 2010) (stating that "[r]emoval . . . requires unanimity among defendants"); Step Plan Servs., Inc. v. Koresko, 219 Fed.Appx. 249, 250 (3d Cir. 2007) (holding that the removing party must "obtain the unanimous consent of all defendants before seeking to remove the case to federal court").

9. Wesco has prevented the Court from discerning if 327 LLC is deemed to be citizen of, among other states, the states of which each defendant is deemed to be a citizen. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant); Caribbean Telecomms. Ltd. v. Guyana Tel. & Tel. Co. Ltd., 594 F.Supp.2d 522, 530 (D.N.J. 2009) (holding that a party is not permitted to select among the multiple "jurisdictional citizenships" of an entity in order to preserve or defeat the diversity-of-citizenship requirement).

10.     A jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004).

11.     Therefore, the Court orders Wesco to: (1) specifically list — and completely analyze the citizenship of — all of the members comprising the membership of 327 LLC; (2) properly allege Aztec's citizenship, Kulpa's citizenship, and its own citizenship; (3) properly show that this Court possesses diversity jurisdiction over this action; and (4) demonstrate that it has the unanimous consent of the other defendants to remove this action. See CBS Corp. v. Schindler Elevator Corp., 604 Fed.Appx. 209, 209 (3d Cir. 2015) (holding that the district court did not have diversity jurisdiction over the action because diversity of citizenship never existed, and thus the district court lacked the constitutional authority to proceed). Wesco must also assert citizenship as it existed on March 13, 2017, rather than citizenship as it currently exists.

12.     327 LLC is advised to refrain from asserting confidentiality concerning its membership and to cooperate with Wesco's endeavor to demonstrate whether diversity jurisdiction exists in this action, and thus to avoid thwarting the Court's efforts to ascertain whether there is diversity jurisdiction. See Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003) (holding that such details cannot be "kept confidential from the judiciary"); see also Emerald Investors Trust

v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (holding that a party cannot withhold the details of its citizenship from the judiciary); Wonders Trust v. Deaton, Inc., 200 F.R.D. 473, 480 (M.D. Fla. 2000) (admonishing a party for its failure to cooperate with the district court's jurisdictional inquiry, because a party "should not be permitted, through recalcitrance, to prevent this Court from determining its own subject-matter jurisdiction").

**FOR GOOD CAUSE APPEARING**:

**IT IS THEREFORE** on this ___12th___ day of April, 2017, **ORDERED** that the defendant Wesco Insurance Company show cause why this action should not be remanded to New Jersey state court for: (1) lack of subject-matter jurisdiction; and (2) lack of the unanimous consent of all of the defendants to remove; and it is further

**ORDERED** that the parties must file responses with the Court electronically by the following dates:

    May 1, 2017    Defendants' responses;

    May 8, 2017    Plaintiff's response; and it is further

**ORDERED** that the parties will refrain from moving for any dispositive relief while the Court's determination concerning subject-matter jurisdiction is pending.

_____
JOSE L. LINARES
United States District Judge